1

2

3

4

5

6

7

8                         IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10   WAYLAND D. KIRKLAND,

11            Plaintiff,                    No. CIV S-07-1124 WBS DAD P

12       v.

13   JAMES E. SHERIFF, JR., et al.,         <u>ORDER AND</u>

14            Defendants.                   <u>FINDINGS AND RECOMMENDATIONS</u>

15   _____/

16            This civil rights action was filed in the United States District Court for the

17   Northern District of California on March 12, 2007.  The case was transferred to the United States

18   District Court for the Eastern District of California because plaintiff's claims arise largely out of

19   actions that allegedly took place in the Eastern District, and most of the defendants reside in the

20   Eastern District.  When the action was commenced, plaintiff was a state prisoner confined in San

21   Joaquin County.  He was subsequently confined in El Dorado County.  A recent notice of change

22   of address reflects that plaintiff now resides in Kansas and is no longer incarcerated.  The

23   proceeding has been referred to the undersigned pursuant to Local Rule 72-302(c)(19) and (21)

24   and in accordance with 28 U.S.C. § 636(b)(1).

25            Plaintiff's complaint was accompanied by an application to proceed in forma

26   pauperis pursuant to 28 U.S.C. § 1915.  The United States District Court for the Northern District

1

1 deferred to the United States District Court for the Eastern District with regard to this
2 application.  Due to the change in plaintiff's custody status, the application on file does not
3 reflect plaintiff's current ability or inability to pay the required filing fees and other court costs.
4 Accordingly, plaintiff's in forma pauperis application will be denied without prejudice.  If this
5 action proceeds, plaintiff will be provided with an opportunity to file an amended application on
6 the appropriate form.

7          Plaintiff is advised that financial eligibility for in forma pauperis status does not
8 complete the inquiry required by federal statute.  Under 28 U.S.C. § 1915(e)(2), the court must
9 dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or
10 if it is determined that the action is frivolous or malicious, fails to state a claim on which relief
11 may be granted, or seeks monetary relief against an immune defendant.  A claim is legally
12 frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S.
13 319, 325 (1989);  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  To state
14 a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to
15 relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, ___ U.S. ___, ___, 127 S.
16 Ct. 1955, 1974 (2007).

17          In considering whether a complaint states a cognizable claim, the court accepts as
18 true the material allegations in the complaint and construes the allegations in the light most
19 favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co.
20 v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245
21 (9th Cir. 1989).  The court need not accept as true conclusory allegations, unreasonable
22 inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618,
23 624 (9th Cir. 1981).

24          Although pro se pleadings are held to a less stringent standard than those drafted
25 by lawyers, Haines v. Kerner, 404 U.S. 519, 520 (1972), even a pro se pleading must contain "(1)
26 a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a

2

1  short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a

2  demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). Although the

3  Federal Rules adopt a flexible pleading policy, a complaint must give each defendant fair notice

4  of the plaintiff's claims against that defendant. The plaintiff must allege with at least some

5  degree of particularity overt acts which the defendant engaged in that support the plaintiff's

6  claims. See Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

7        The Civil Rights Act under which this action was filed provides as follows:

8        Every person who, under color of [state law] . . . subjects, or causes
      to be subjected, any citizen of the United States . . . to the

9        deprivation of any rights, privileges, or immunities secured by the
      Constitution . . . shall be liable to the party injured in an action at

10       law, suit in equity, or other proper proceeding for redress.

11 42 U.S.C. § 1983. The statute requires an actual connection or link between the actions of each

12 defendant and the deprivation alleged to have been suffered by the plaintiff. See Monell v.

13 Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A

14 person 'subjects' another to the deprivation of a constitutional right, within the meaning of

15 § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to

16 perform an act which he is legally required to do that causes the deprivation of which complaint

17 is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Supervisory personnel are

18 generally not liable under § 1983 for the actions of their employees under a theory of respondeat

19 superior and, therefore, if a defendant holds a supervisorial position, the causal link between that

20 defendant and the claimed constitutional violation must be specifically alleged. Fayle v. Stapley,

21 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).

22       Here, all of plaintiff's claims arise from state court proceedings related to the

23 custody and support of his daughter Alex. The defendants are a commissioner of the Family Law

24 Court of the El Dorado County Superior Court; the presiding judge of the El Dorado County

25 /////

26 /////

Superior Court; an attorney appointed to represent plaintiff in a related criminal matter[1]; an attorney appointed to represent plaintiff at a parole hearing; the director and chief counsel of the California Commission on Judicial Performance; staff counsel for the California Commission on Judicial Performance; and chief trial counsel for the California State Bar.  Plaintiff alleges that the family law commissioner denied plaintiff access to custody hearings and conspired with the attorney who was representing plaintiff in the related criminal matter to permit that attorney to appear on plaintiff's behalf without plaintiff's permission and sign away plaintiff's parental rights.  Plaintiff's allegations against the attorney who was appointed to represent him at a parole hearing arise from the attorney's representation of plaintiff after allegedly "conflicting out," his refusal to attempt to present evidence and arguments concerning plaintiff's custody proceedings at the parole hearing, and the unfavorable outcome of that hearing.  Plaintiff alleges that the presiding judge refused to investigate and act on plaintiff's allegations against the commissioner and the appointed attorneys.  Plaintiff complains that the California Commission on Judicial Performance and the California State Bar defendants failed to discipline the state commissioner, the state presiding judge, or the appointed attorneys, and that the inaction of these defendants was in retaliation for plaintiff's having filed civil rights complaints and habeas petitions.

By way of relief, plaintiff seeks a declaratory judgment that (1) the state court custody orders concerning his daughter are void, (2) the rules of the California Commission on Judicial Performance allowing judges but not complainants to obtain judicial review of Commission rulings violates the Equal Protection Clause, (3) the state constitutional provision of absolute immunity for the Commission is unconstitutional, (4) the lack of term limits for Commission staff compromises their impartiality in handling complaints of judicial misconduct, and (5) the Family Law Court Commissioner for El Dorado County committed judicial misconduct and violated plaintiff's constitutional rights when he denied plaintiff access to

---

[1]  Plaintiff was charged with making annoying phone calls to his daughter's mother and filing a false police report against her.

1    custody hearings.  Plaintiff seeks injunctive relief in the form of orders granting him daily

2    telephone contact and unlimited mail contact with his daughter, requiring that the individual

3    members of the California Commission on Judicial Performance be furnished with copies of the

4    judicial misconduct complaints submitted by plaintiff in 2006, and barring all defendants from

5    participating in any legal cases or complaints involving plaintiff.  Plaintiff also seeks millions of

6    dollars of compensatory and punitive damages.

7               The undersigned finds that all of plaintiff's federal claims should be dismissed

8    because federal district courts lack jurisdiction to review alleged errors in state court decisions.

9    Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983) (holding that review

10   of state court determinations can be obtained only in the United States Supreme Court).  The

11   Rooker-Feldman doctrine applies to "cases of the kind from which the doctrine acquired its

12   name: cases brought by state-court losers complaining of injuries caused by state-court

13   judgments rendered before the district court proceedings commenced and inviting district court

14   review and rejection of those judgments."  Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544

15   U.S. 280, 284 (2005).  In addition, a federal district court is prohibited from exercising subject

16   matter jurisdiction over a suit that is "a de facto appeal" from a state court judgment.  Kougasian

17   v. TMSL, Inc., 359 F.3d 1136, 1139 (9th Cir. 2004).  In this regard, a federal district court may

18   not examine claims that are inextricably intertwined with state court decisions, "even where the

19   party does not directly challenge the merits of the state court's decision but rather brings an

20   indirect challenge based on constitutional principles."  Bianchi v. Rylaarsdam, 334 F.3d 895, 900

21   n.4 (9th Cir. 2003).  See also Ignacio v. Judges of U.S. Court of Appeals, 453 F.3d 1160, 1165-

22   66 (9th Cir. 2006) (affirming district court's dismissal of the case "because the complaint is

23   nothing more than another attack on the California superior court's determination in [plaintiff's]

24   domestic case").  "The purpose of the doctrine is to protect state judgments from collateral

25   federal attack."  Doe & Assocs. Law Offices v. Napolitano, 252 F.3d 1026, 1030 (9th Cir. 2001).

26   /////

1       In the present case, the undersigned finds that all of plaintiff's federal claims are

2   inextricably intertwined with state court decisions in child custody and support proceedings over

3   which a family law commissioner presided.  Notably, the first element of relief requested by

4   plaintiff is "a declaratory judgment stating that the custody orders in El Do Co [sic] Superior

5   Court Case # PFLR20040470 issued by Defendant Dwyer granting sole custody of Alex to [her

6   mother] are void because [her mother], Defendant Dwyer, and Defendant Wilson's

7   unconstitutional actions, crimes, and misconduct precluded all custody orders issued by

8   Defendant Dwyer, pursuant to CA. P.C. § 278.5(2)(c)."  (Compl. at page numbered 34.)

9       This federal district court cannot review the judicial decisions made by

10  Commissioner Dwyer for the purpose of voiding them, as requested by plaintiff, and those

11  judicial decisions form the basis for plaintiff's claims concerning administrative proceedings

12  involving the presiding judge of the El Dorado County Superior Court, the California

13  Commission on Judicial Performance, and the California State Bar.  "Where the district court

14  must hold that the state court was wrong in order to find in favor of the plaintiff, the issues

15  presented to both courts are inextricably intertwined," and the district court lacks jurisdiction.

16  Doe & Assocs., 252 F.3d at 1030.  Plaintiff's federal claims are barred by the Rooker-Feldman

17  doctrine and should be dismissed with prejudice because amendment would be futile.[2]

18  _____

19      [2] Many of plaintiff's claims would require dismissal on other grounds if the Rooker-
    Feldman doctrine did not apply.  The Eleventh Amendment bars suits against a state or its
20  agencies, regardless of the relief sought and even where jurisdiction is predicated on a federal
    question, absent the state's affirmative and unequivocal waiver of its immunity or congressional
21  abrogation of that immunity.  Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-99
    (1984); Yakama Indian Nation v. State of Wash. Dep't of Revenue, 176 F.3d 1241, 1245 (9th
22  Cir. 1999); Durning v. Citibank, N.A., 950 F.2d 1419, 1422-23 (9th Cir. 1991).  Eleventh
    Amendment immunity extends to governmental entities that are "arms of the state," Will v.
23  Michigan Dep't of State Police, 491 U.S. 58, 70 (1989), state officials where the state is the real
    party in interest, Pennhurst, 465 U.S. at 101-02, and state courts and their employees, Simmons
24  v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003).  Judges acting
    within their judicial jurisdiction are absolutely immune from liability for damages, even in civil
25  rights cases brought pursuant to 42 U.S.C. § 1983.  Pierson v. Ray, 386 U.S. 547, 553-54 (1967).
    Judicial immunity "applies 'however erroneous the act may have been, and however injurious in
26  its consequences it may have proved to the plaintiff.'"  Cleavinger v. Saxner, 474 U.S. 193, 199-
    200 (1985) (quoting Bradley v. Fisher, 13 Wall. 335, 347 (1872)).  A party dissatisfied with a

1    It is the recommendation of the undersigned that all of plaintiff's federal claims be

2 dismissed with prejudice.  In light of this recommendation, the court will further recommend that

3 the district court decline to exercise jurisdiction over plaintiff's state law claims.[3]  See 28 U.S.C.

4 § 1367(c).

5    Finally, the court turns to plaintiff's motion for TRO and preliminary injunction.

6 By this motion, plaintiff seeks the injunctive relief requested in his complaint, i.e., orders

7 granting him daily telephone contact and unlimited mail contact with his daughter, requiring that

8 the individual members of the California Commission on Judicial Performance be furnished with

9 copies of the judicial misconduct complaints submitted by plaintiff in 2006, and barring all

10 defendants from participating in any legal cases or complaints involving plaintiff.  To prevail on

11 a request for injunctive relief, the moving party must either show a likelihood of success on the

12 merits and the possibility of irreparable injury, or demonstrate that serious questions are raised

13 and the balance of hardships tips sharply in the movant's favor.  Coalition for Economic Equity

14 v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co.,

15 762 F.2d 1374, 1376 (9th Cir. 1985).  Plaintiff's motion for temporary and preliminary injunctive

16 relief should be denied because there is no likelihood of success on the merits of the claims

17 alleged in plaintiff's complaint.

18 /////

19

20 judge's rulings may challenge those rulings "only via appeal, not by suing the judges."  In re
Thomas, 508 F.3d 1225, 1227 (9th Cir. 2007) (citing Mireles v. Waco, 502 U.S. 9, 11-12

21 (1991)).

22    [3] Plaintiff has not alleged exhaustion of administrative remedies as to any state law
claims.  Under the California Tort Claims Act (CTCA), a plaintiff may not maintain an action for

23 damages against a public employee unless a written claim has first been presented to the
appropriate state entity and has been acted upon by that entity.  See Cal. Gov't Code §§ 900.2,

24 910, 915(c)(2) & 945.4.  Failure to present a timely claim against a public employee bars a
subsequent civil action for damages against the public employee.  See State v. Superior Ct. ex

25 rel. Bodde, 32 Cal. 4th 1234, 1237, 1239 (2004).  Supplemental state law claims in a civil rights
action brought in federal court pursuant to 42 U.S.C. § 1983 are subject to dismissal for failure to

26 allege compliance with the claim-filing requirement of the CTCA.  Karim-Panahi v. Los Angeles
Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988).

1        IT IS HEREBY ORDERED that plaintiff's application to proceed in forma

2   pauperis (Doc. No. 2) is denied without prejudice; and

3        IT IS RECOMMENDED that:

4        1.  Plaintiff's motion for temporary restraining order and preliminary injunction be

5   denied;

6        2.  Plaintiff's federal claims be dismissed with prejudice pursuant to the Rooker-

7   Feldman doctrine; and

8        3.  Plaintiff's supplemental state law claims be dismissed without prejudice

9   pursuant to 28 U.S.C. § 1367(c).

10        These findings and recommendations will be submitted to the United States

11   District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within

12   fifteen (15) days after being served with these findings and recommendations, plaintiff may file

13   any written objections with the court.  A document containing objections should be titled

14   "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that

15   failure to file objections within the specified time may, under certain circumstances, waive the

16   right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

17   DATED: November 4, 2008.

18

19                                      _____

20                                      DALE A. DROZD
                                        UNITED STATES MAGISTRATE JUDGE
21   DAD:kw
     kirk1124.ifpden.f&r
22

23

24

25

26